UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MELVENE KENNEDY,

       *Plaintiff,*

    v.

ESSEX COUNTY SHERIFF et al.,

       *Defendants.*

No. 23-cv-01021 (MEF)(CF)

**OPINION and ORDER**

\*   \*   \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the facts and procedural history of this case.

\*   \*   \*

This case in a nutshell: a foreclosure judgment was entered against a woman[1] (from here, "the Plaintiff") in June 2018, see 1st Amended Complaint ("Complaint") (ECF 94) ¶ 51, and in 2023 she filed this lawsuit in federal court. See Verified Complaint for Civil Rights Violations, Preliminary Injunction and Other Legal and Equitable Relief (ECF 1) at 13.

\*   \*   \*

The Plaintiff pro se presses 14 claims, see Complaint ¶¶ 60-239; Feb. 24, 2025 Letter (ECF 96) at 2, and has named at least 29 different defendants (collectively, "the Defendants"). See Complaint ¶¶ 2-25a.

The operative complaint alleges, among other things, that state-court employees failed to docket the Plaintiff's submissions, see, e.g., id. ¶¶ 91b, 91g, 152-53, state court judges were biased against her, see id. ¶¶ 111-12, and she was the victim of

---

[1]  Melvene Kennedy.

a racially-motivated conspiracy to take away her home.  See id.
¶¶ 221–224e.

\*       \*       \*

Defenses, and other merits arguments, occupy the bulk of the
Defendants' legal briefing.  See, e.g., Brief in Support of
Motion to Dismiss ("Powers Brief") (ECF 47-4) at 10–28; Brief in
Support of Defendants' Motion to Dismiss the Amended Complaint
("Judiciary Brief") (ECF 42-2) at 15–37; Memorandum of Law in
Support of Motion of Defendant Essex County Register of Deeds &
Mortgages for Dismissal of the Plaintiff's Amended Complaint
("Register Brief") (ECF 34-1) at 11–18.

For example, the state court judges have invoked absolute
judicial immunity.  See Nov. 7, 2025 Letter (ECF 109) at 2–3;
Judiciary Brief at 15–20.[2]

\*       \*       \*

But before any of this can be addressed, the Court must first
assure itself of its own jurisdiction.  See Arbaugh v. Y&H
Corp., 546 U.S. 500, 514 (2006); Steel Co. v. Citizens for a
Better Env't, 523 U.S. 83, 94–95 (1998); Mikhail v. Kahn, 991 F.
Supp. 2d 596, 612 n.6 (E.D. Pa. 2014), aff'd, 572 F. App'x 68
(3d Cir. 2014).

Whatever the merits of the Plaintiff's claims may or may not be,
jurisdiction cannot be skipped over.  Whether the Court has
jurisdiction must be determined, and accurately.

Here, it is not clear one way or another whether the Court has
jurisdiction.

Indeed, some of the Defendants, invoking the Rooker-Feldman
doctrine,[3] suggest the Court does not have jurisdiction.  See
Register Brief at 8–11; Powers Brief at 8–10; Brief in Support

---

[2]  Judges have long enjoyed immunity from damages claims based on
their judicial acts.  See, e.g., Mireles v. Waco, 502 U.S. 9, 9
(1991); Pierson v. Ray, 386 U.S. 547, 553–55 (1967); Bradley v.
Fisher, 80 U.S. (13 Wall.) 335, 347 (1871); Randall v. Brigham,
74 U.S. (7 Wall.) 523, 535–36 (1868).

[3]  Rooker-Feldman "prevents district courts from mistakenly
relying on their original jurisdiction to engage in appellate
review of state-court orders."  Merritts v. Richards, 62 F.4th
764, 774 (3d Cir. 2023).

of Motion to Dismiss Amended Complaint as to Defendants Saul Ewing LLP and Kellie A. Lavery (ECF 61-3) at 6-7; Aug. 7, 2025 Letter (ECF 107) at 2; Aug. 19, 2025 Letter (ECF 108) at 1-2; Nov. 7, 2025 Letter at 4.

The argument seems to be that this lawsuit would essentially require this Court to review the 2018 state court foreclosure judgment, and under Rooker-Feldman that is not allowed. See, e.g., Powers Brief at 10; Aug. 19, 2025 Letter at 2; Nov. 7, 2025 Letter at 4.

Maybe so.  But as to this, the Defendants' briefing provides much too little to go on.

*    *    *

For example, although the foreclosure judgment was entered in June 2018, a good deal allegedly happened after that.

A sampling:

- January 2019: the Plaintiff filed for bankruptcy "to guard against judgment enforcement."  Complaint ¶ 53(a).
- April 2022: the Plaintiff filed an application for state-ordered mediation and a stay of the sheriff's sale.  See id. ¶ 56g; see also id. at 124.
- May 2022: the Plaintiff filed a new lawsuit against the lender.  See id. ¶ 56h.
- June 2022: the Plaintiff filed several motions seeking mediation and a stay of the sheriff's sale.  See id. ¶¶ 56j, 56k, 56n.  After the house was sold at a sheriff's auction, see id. ¶ 58, the Plaintiff filed a motion to stay transfer of the deed to the purchaser.  See id. ¶ 58d.
- July 2022: the Plaintiff filed additional lawsuits against the lender.  See id. ¶¶ 58e, 58g.
- August 2022: the Plaintiff filed motions seeking to vacate the sheriff's sale and stay transfer of the deed to the purchaser.  See id. ¶¶ 59, 59a.  These were resolved shortly thereafter.  See James B. Nutter & Co. v. Kennedy, 2024 WL 3559774, at *2 (N.J. Super Ct. App. Div. July 29, 2024).
- October 2022: the Plaintiff filed another motion to stay transfer of the deed.  See Complaint ¶ 59e.
- August 2023: the Plaintiff filed a motion seeking to exercise her redemption rights.  See id. ¶ 59h.  After the

3

motion was denied, she sought appellate review.  See id. ¶¶ 59h, 59i.

- October 2023: the state court imposed a filing injunction on the Plaintiff, and she sought appellate review.  See id. ¶ 59j.
- July 2024: a state court affirmed the denial of the August 2022 motions to vacate the sheriff's sale.  See James B. Nutter & Co., 2024 WL 3559774, at *1.
- January 2026: The New Jersey Supreme Court denied the Plaintiff's petition for review of the July 2024 Appellate Division decision.  See James B. Nutter & Co. v. Kennedy, 262 N.J. 416, 416 (2026).

Does a close-in, detailed, allegation-by-allegation look at the Plaintiff's federal complaint suggest that working through a given claim would require a review of (i) the 2018 judgment or just (ii) subsequent judicial orders?

And: does that make a difference?

Other questions, among others.

What to make of the fact that this federal case was initiated in 2023 while the state appellate process (at least for part of the overall litigation) seemingly ran its course only in 2026?[4]

_____

[4]  This might matter.  See, e.g., Nicholson v. Shafe, 558 F.3d 1266, 1279 (11th Cir. 2009) ("state proceedings have not ended for purposes of Rooker-Feldman when an appeal from the state court judgment remains pending at the time the plaintiff commences the federal court action"); Parker v. Lyons, 757 F.3d 701, 705 (7th Cir. 2014) ("We . . . conclude that Rooker-Feldman does not bar the claims of federal-court plaintiffs who . . . file a federal suit when a state-court appeal is pending."), overruled in part on other grounds by, Hadzi-Tanovic v. Johnson, 62 F.4th 394 (7th Cir. 2023); Guttman v. Khalsa, 446 F.3d 1027, 1032 (10th Cir. 2006) (holding Rooker-Feldman inapplicable to a "federal suit [filed] while [the plaintiff's] petition for certiorari to the New Mexico Supreme Court was pending" because the "state suit was not final"); Dornheim v. Sholes, 430 F.3d 919, 923-924 (8th Cir. 2005) (holding Rooker-Feldman inapplicable because the federal action was filed before appellate proceedings in the Supreme Court of North Dakota were complete); Hunter v. McMahon, 75 F.4th 62, 70-71 (2d Cir. 2023) (holding Rooker-Feldman inapplicable because the plaintiff's

4

What is the role here of the various doctrines laid out in
<u>Malhan</u> v. <u>Secretary United States Department of State</u>, 938 F.3d
453 (3d Cir. 2019) as to, among other things, those state court
orders that are covered by <u>Rooker-Feldman</u> and those that are
not?

And given their subject matter, can <u>all</u> of the Plaintiff's
claims here[5] genuinely be barred by <u>Rooker-Feldman</u> as interpreted
in <u>Great Western Mining & Mineral Co.</u> v. <u>Fox Rothschild LLP</u>, 615
F.3d 159, 167-74 (3d Cir. 2010)?

\*       \*       \*

The Defendants shall each file a detailed and thorough legal
brief that analyzes how <u>Rooker-Feldman</u> applies to each of the
Plaintiff's claims in this case.

They shall do so on a schedule to be set by the United States
Magistrate Judge.  That schedule will allow for a response from
the Plaintiff and a reply by the Defendants.

IT IS on this 27th day of March, 2026 **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

"state-court appeal was pending when she filed her federal
lawsuit").

[5]  <u>See</u>, <u>e.g.</u>, Complaint ¶ 111b (alleging violations of the
Plaintiff's right to "an unbiased tribunal"); <u>id</u>. ¶ 211
("Defendants plotted and agreed to a scheme to force title
transfer to [the Plaintiff's] home.").